IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, ) | CR F 03 - 5053 AWI |
| ) | |
| Petitioner, ) | ORDER ON DOCUMENT |
| ) | FILED ON FEBRUARY 8, 2012 |
| v. ) | |
| ) | Doc. # 113 |
| UNITED STATES OF AMERICA, ) | 28 U.S.C. § 2255 |
| ) | |
| Respondent. ) | |
| _____ ) | |

On February 8, 2012, a document was received by the court that was styled as a motion pursuant to 28 U.S.C. § 2255. On February 22, 2012, the court determined that the document should be filed as a motion pursuant to section 2255 and order the document to be deemed filed on the date it was received. Doc. # 113. Further review of the document deemed as filed on February 8, 2012, shows that the document is an exact, word-for-word duplicate of a motion pursuant to section 2255 that was filed in this case on May 10, 2010. Doc. # 85. The section 2255 motion that was filed on May 10, 2010, was dismissed on February 16, 2011. Doc. # 101. The court would believe that the submission of such a duplicate document under these conditions was the result of an error were it not for the fact that the certificate of service for Document number 113 was signed by petitioner Anthony Johnson ("Petitioner") and is dated February 10, 2012. The court notes that the prior motion filed at Docket number 85 is accompanied by a proof

of service that was signed by Petitioner on April 27, 2010. Because each of these documents is accompanied by a separate proofs of service that bear dates corresponding to their respective filing dates, the court must presume that the document filed by Petitioner on February 8, 2012 is intentionally filed and is a second or successive petition pursuant to 28 U.S.C. § 2255.

Rule 9(b) of the Federal Rules of Appellate Procedure provides that a second or successive motion pursuant to section may be dismissed if (1) the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, (2) if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules. Molina v. Rison, 886 F.2d 1124, 1127 (9th Cir. 1989). "A second or subsequent petition for habeas corpus is not considered 'successive' if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits." Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003). Where a section 2255 motion is successive, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that the petitioner show that the successive habeas petition is not abusive. To sustain this burden of proof, the petitioner must demonstrate the newly presented claim could not have been raised in a prior petition because the claim now relies on (1) newly discovered evidence or, (2) a new rule of constitutional law which the Supreme Court has made retroactive to cases on collateral review. Thomas v. Superintendent/Woodbourne Correctional Facility, 136 F.3d 227, 229 (2nd Cir. 1997).

As previously noted, the document filed by Petitioner on February 8, 2012, is identical, so far as the court can tell, to Petitioner's prior 2255 motion that the court dismissed on the merits on February 16, 2011. Doc. # 101. It is therefore established that Petitioner's second or successive motion pursuant to section 2255 offers no new or different grounds for relief that the first motion that was dismissed on the record. Dismissal of the second or successive petition is therefore appropriate.

THEREFORE, it is hereby ORDERED that the document deemed filed by Petitioner on February 8, 2012, is construed as a second or successive petition pursuant to 28 U.S.C. § 2255 and is hereby DISMISSED. The case shall remain CLOSED.

IT IS SO ORDERED.

Dated: February 23, 2012

CHIEF UNITED STATES DISTRICT JUDGE

2